**Pashka LUNAJ, Dorjan Lunaj, Petitioners,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–1352–ag.

United States Court of Appeals, Second Circuit.

Sept. 25, 2006.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioners.

Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, J. Christopher Moore, Assistant United States Attorney, Fairview Heights, IL, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioners Pashka and Dorjan Lunaj, natives and citizens of Albania, seek review of a February 24, 2006 order of the BIA affirming the August 12, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying Pashka Lunaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lunaj*, Nos. A97 847 443, A97 847 444 (B.I.A. Feb. 24, 2006), *aff'g* Nos. A97 847 443, A97 847 444 (Immig. Ct. N.Y. City Aug. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the IJ's decision, but also supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005) (per curiam). We review *de novo* the agency's conclusions of law, as well as its application of law to particular facts. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The agency's finding that Lunaj's testimony was not credible was supported by substantial evidence. The two discrepancies emphasized by the BIA, standing alone, are sufficient to sustain the adverse credibility finding. First, Lunaj claimed that she decided to leave Albania after she was arrested and detained in March 2003, but failed to mention until cross-examination that she was also beaten at this time. The IJ and BIA reasonably rejected her explanation that she "forgot" the beating that allegedly inspired her to leave Alba-

nia. Second, Lunaj testified that she never reported any of the Socialist Party's intrusions into her home, because the police were themselves Socialist Party members, and therefore any reporting attempt would have been futile. However, she submitted a certificate from the Association of the Formerly Politically Persecuted which asserted that "[Lunaj] has asked for protection from the police and the law but it was never offered to her." The IJ and BIA reasonably found her attempt to reconcile these statements unpersuasive. Lunaj stated that perhaps her husband had reported the intrusions, and she had forgotten about it—but failed to explain why he, too, would not have been concerned that the police were Socialist Party members.

The combination of Lunaj's testimony and the documents she submitted was insufficient to sustain her burden of proof, particularly in light of these glaring contradictions. Moreover, her husband would have been in the best position to corroborate her story, and she indicated that she remained in contact with him, yet could not provide an adequate explanation for why she submitted no statement from him. Additionally, Lunaj admitted that he and her two older children had moved to another town in Albania, and remained there, without incident. The agency appropriately found that this admission severely undercut Lunaj's claim that her fear of future persecution was well-founded. *See Matter of A–E–M–*, 21 I. & N. Dec. 1157, 1998 WL 99555 (BIA 1998). It also clearly supported the agency's conclusion that internal location was a reasonable alternative for Lunaj. *See* 8 C.F.R. § 1208.13(b)(3). Therefore, Lunaj failed to establish a well-founded fear of persecution. Having thus failed to make the necessary showing to establish asylum eligibility, Lunaj has necessarily failed to meet the higher burden required to secure with-

**40**

holding of removal. *See, e.g., Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (per curiam). Given the IJ's the adverse credibility finding, as well as Lunaj's failure to point to any independent evidence suggesting she was more likely than not to be tortured if returned to Albania, substantial evidence also supports the IJ's denial of Lunaj's claim for CAT relief.

Finally, the BIA correctly determined that Lunaj failed to establish that the IJ denied her due process by excluding the testimony of her nephew, because she failed to demonstrate that she was prejudiced by that decision. Although the IJ's reasons for disallowing Lunaj's nephew to testify were, as the BIA found, insufficient, Lunaj failed to establish that his testimony would have been adequate to rehabilitate her credibility. The IJ admitted into evidence the nephew's affidavit, where he indicated that he had been in the United States at the time of the March 2003 incident, about which Lunaj's credibility was most in question. He also suggested in his affidavit that he did not have personal knowledge of any of Lunaj's and her husband's other experiences. In view of these facts, we do not see how the proffered testimony could have changed the outcome of Lunaj's hearing.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).